In the Matter of LAWRENCE J. SEVERINO et al., Doing Business as KENT NURSING HOME, Respondents, *v.* HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, Appellant.

Third Department, October 31, 1974.

*Louis J. Lefkowitz, Attorney-General (John M. Dufur* and *Ruth Kessler Toch* of counsel), for appellant.

*Frank J. Nardozzi* for respondents.

MAIN, J. The petitioners operate Kent Nursing Home, which is located in Putnam County and participates in the State's Medicaid program established pursuant to subchapter XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396 *et seq.*). For fiscal year 1968, the period here in controversy, it was the commissioner's responsibility, as it is today, to establish the rate at which a nursing home was to be compensated for the care of Medicaid beneficiaries. In the instant case, the petitioners instituted this article 78 proceeding to challenge the rate established for their home for fiscal year 1968. They claim that the commissioner based his determination upon an arbitrary patient occupancy rate of 80%, rather than the actual figure of 55%, and thereby unjustifiably reduced the amount of compensation to their home. For his part, the commissioner then moved to dismiss the petition for lack of subject matter jurisdiction, for failure to state a claim for which relief could be granted, and because petitioners lacked standing to maintain the proceeding. As noted above, Special Term denied the motion.

On this appeal, the commissioner raises two issues, to wit: does the trial court lack jurisdiction of the subject matter and does the petition fail to state a cause of action. We answer both of these questions in the negative.

In regard to the jurisdictional issue, the commissioner correctly cites *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.* (24 N Y 2d 400), for the proposition that rate-making is a legislative action for which article 78 review is inappropriate. The Court of Appeals in that case, however, went on to explain that the dismissal of the petition was avoidable pursuant to CPLR 103 (subd. [c]), whereby the proceeding could be treated as an action for a declaratory judgment. In such a posture, quasi-legislative decisions could be challenged as actions made in disregard of statutory standards, in excess of granted authority, in violation of due process or in a discriminatory manner. Furthermore, the validity of the commissioner's regulations specifying a technique for the determination of rates for nursing homes was only recently reviewed in an article 78 proceeding (*Matter of Sigety* v. *Ingraham,* 29 N Y 2d 110). Thus, whether it be an article 78 proceeding or, in the alternative, an action for declaratory judgment, Special Term clearly has jurisdiction of the subject matter of this case.

Likewise, the petition plainly states a cause of action. Pursuant to the regulations under which he was operating (10

NYCRR 770.2 [repealed, Jan., 1970]), the commissioner was to determine the per patient day cost of care by dividing the total allowable expense plus a reasonable return on equity capital by the total number of patient days of care provided. Instead, he chose to utilize for the patient days of care a number which greatly exceeded that which was actually provided. Accordingly, he was charged, *inter alia*, with arbitrary and capricious action in disregard of statutory standards, and a cause of action is thereby stated (cf. *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth., supra*).

The order should be affirmed, with costs.

HERLIHY, P. J., STALEY, JR., SWEENEY and KANE, JJ., concur.

Order affirmed, with costs.