to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.

■ In the Matter of JAMES C. HOTALING, Respondent, v. GENERAL ELECTRIC COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 24, 1974, which awarded disability benefits under the Disability Benefits Law. Claimant was hospitalized in Houston, Texas under the care of a prominent surgeon for certain procedures necessitated as part of a one-year postoperative evaluation following open-heart surgery. Upon his return to his home in this State he developed a respiratory ailment. A call on his behalf to the surgeon in Texas resulted in a direction to remain home from work until June 19, 1973. The written report of this surgeon also states that claimant would be unable to perform his usual work until June 19, 1973. Claimant's application for disability benefit payments for the period following his discharge from the hospital unitl his return to work on that date was rejected on the grounds he was not disabled within the meaning of the law and that he received no medical treatment during that period. The board has concluded that claimant was under medical treatment during the disputed period of his disability. There is ample evidence that the claimant certainly considered himself under the doctor's care. Furthermore, there is substantial evidence to support the finding of continued care by a physician (Workmen's Compensation Law, § 205, subd. 2). Simple justice and the practicalities of daily life require a liberal interpretation of the meaning of "under the care of a physician" (Matter of Carbone v. B & R Trucking Co., 23 A D 2d 910). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.

■ JOSEPH A. CALDWELL, as Mayor of the Incorporated Village of Endicott, and as Owner and Operator of Village of Endicott Ideal Hospital, et al., Appellants, v. COMMISSIONER OF HEALTH et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered May 6, 1974 in Albany County, which, on motion before answer, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, upon the ground of untimeliness. The petitioner is a municipal hospital located in the Village of Endicott, New York. Prior to July 1, 1971, Blue Cross reimbursed the petitioner pursuant to a contract for hospital care to its subscribers. Between July 1, 1971 and June 30, 1972 the prior reimbursements rates were to be altered by way of negotiations between the Hospital Association of New York, Inc., and Blue Cross, subject to approval by the Department of Health. It is from such reimbursement rate that the petitioner seeks to appeal. The issue of timeliness: On March 16, 1973 the petitioner was informed by way of a letter from an Assistant Commissioner of the Department of Health that said petitioner's administrative appeal was final and that no further action would be taken administratively. The letter, as pertinent, states: "The material you have now submitted indicates that the Plan still adheres to its original decision as did the Review Board. For our part, we find no new reason to overrule the Plan. You refer to action under Upstate Formula, and under Part 86. It is our opinion that all steps have been completed under the formula and our rules. No additional hearing is required in this case. You may now consider the decision to be final." (Emphasis added.) It therefore seems evident that the Department of Health, concerning petitioner's reimbursement rates, did not consider the matter finalized until March 16, 1973 and that any court action prior thereto would be premature. The article 78 proceeding was commenced on July 16, 1973 which was within the four-month period of limitation and,

therefore, timely. Other issues: Athough the court did not consider any other issues, it is apparent from the record that the CPLR 3211 (subd. [a], par. 2) and CPLR 3211 (subd. [a], par. 7) objections should have been dismissed. The court had subject matter jurisdiction pursuant to sections 2803 and 2807 of the Public Health Law, which provide for the Department of Health to review reimbursement rates and, pursuant to section 13 of the Public Health Law, which provides for the commencement of an article 78 proceeding. Section 2807 of the Public Health Law provides for payments for hospital and health related services, the manner in which they are to be determined, and such determination is reviewable for the purpose of ascertaining whether it is arbitrary, capricious or contrary to law. The petiton and exhibits attached thereto allege that the Department of Health failed to consider statutory requirements in determining the reimbursement rates and such allegation for the purpose of this appeal must be taken as true. Accordingly, we find that there is jursdiction and that the petition is legally sufficient. Judgment reversed, without costs, and motion denied. Respondents time to serve an answer to the petition is extended until 20 days after the service of the order hereon, with notice of entry. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.