John T. Casey, J.
In this article 78 proceeding, the petitioners seek, in essence, a judgment directing one of the respondents, the Commissioner of the Department of Health of the State of New York (herein commissioner) to establish a new medical reimbursement rate for the skilled nursing facility of the Monroe Community Hospital. The respondents, in lieu of an answer, have cross-moved for an order dismissing the petition.
At this stage of the proceeding the allegations of the petition must be treated as true. The Monroe Community Hospital is a publicly supported institution located in Rochester, New York for the care and treatment of individuals with the problems of chronic illness and aging. It has three main facilities: the acute hospital facility; the health related facility; the skilled nursing facility. The skilled nursing facility provides medical and health services akin to those provided by a nursing home.
The commissioner, pursuant to section 2807 of the Public Health Law, fixes the medical reimbursement rates paid to medical facilities for services rendered to publicly assisted patients. In accordance with his authority, the commissioner enacted regulations for computing that rate. (10 NYCRR 86.1-86.32.)
Subdivision 3 of section 2807 directs the commissioner to relate his rates to the costs of the efficient production of the hospital or health related service. To this end, the regulations contain a ceiling on the amount of the cost of a particular function that will be included in the rate formula. (Cf. Matter of Sigety v Ingraham, 29 NY2d 110, 115.) Subdivision (a) of section 86.14 (10 NYCRR 86.14 [a]) of the regulations provides: "Ceilings as specified below for comparable groups of medical facilities will be established for the computation of reimbursement rates for care provided. The ceilings will be considered prior to the addition of a factor to bring costs to projected expenditure levels during the effective period of the reimbursement rate.”
With regard to nursing homes such as the skilled nursing *952 facility, the regulations provide: “(d) For nursing homes under the administrative direction of a hospital, which are located in, adjacent to, or physically connected with the hospital, the maximum allowable costs which will be included in computing the reimbursement rate may be no more than 115 percent of the weighted average cost before ceilings of free standing nursing homes comparable as to size, location and sponsor” (10 NYCRR 86.14 [d]).
The petitioners’ principal argument is that the commissioner failed to consider the pension costs incurred by the skilled nursing facility. The pension costs are mandated by the New York State Retirement and Social Security Law because the employees of that facility are public employees. None of the nursing homes against which the costs of operating the skilled nursing facility were compared incurred mandatory pension costs. Those nursing homes were private sector nursing homes and its employees were not public employees. The petitioners claim that the mandated pension costs are greatly in excess of similar costs incurred in the private sector nursing home and, consequently, the application of subdivision (d) of section 86.14 (10 NYCRR 86.14 [d]) excluded those costs from the computation of the reimbursement rate for the skilled nursing facility.
The principal issue is whether the determination of the reimbursement rate by the commissioner was arbitrary and capricious. The determination of the commissioner is subject to judicial review. (Matter of Severino v Ingraham, 45 AD2d 564.) The ceiling limitation procedure is consistent with the statutory directive to reimburse only reasonable costs. (Matter of Sigety v Ingraham, 29 NY2d 110, 115, n 4, supra.) In the instant case, however, the ceiling limitation procedure may have excluded a reasonable cost. This is so, because the group with which the skilled nursing facility was compared did not incur the substantial mandatory pension payments for public employees. Consequently, the fact that the pension costs of the skilled nursing facility exceeded 115% of nonmandated pension payments does not necessarily mean that such costs are unreasonable.
Subdivision 3 of section 2807 proscribes reimbursement of costs unrelated to the efficient production of medical and health related services. On the other hand, it seems to direct that the costs related to efficient production be considered in the reimbursement rate computation. The petition alleges *953 facts from which it could be concluded that the commissioner acted arbitrarily insofar as the mandatory pension costs are concerned, comparing the skilled nursing facility with facilities not subject to such costs. It could also be determined that the regulations, if they mandate the procedure followed by the commissioner, are inconsistent with the statutory direction of subdivision 3 of section 2807 and are to that extent arbitrary. (See Sigety v Ingraham, 29 NY2d 110, supra.)
The motion to dismiss is denied and the respondents are directed to file an answer.