Edward F. McLaughlin, J.
After making proper service on respondent, Robert Whelan, and the Attorney-General of the State of New York, pursuant to an order of this court, petitioner again moves at Special Term pursuant to CPLR article 78 for judgment:
1. Reviewing the action of the respondents pursuant to sections 2803 and 2807 of the Public Health Law and its rules and regulations of the State Department of Health in fixing and determining the customary and legal charges for hospital rooms in the Mohawk Valley General Hospital at Ilion, and
2. Annulling and vacating certain charges heretofore made by its Board of Managers, for use of the facilities in said hospital; and
3. Further adjudging that the petitioner under her procedural right of due process is entitled to notice and a fair hearing upon any application to increase the rates charged to petitioner upon her room or facility in said hospital.
Petitioner is a patient in the Mohawk Valley General Hospital in Ilion, New York, where she has been continuously confined to a private room and bed since March 21, 1971. Mohawk Valley General Hospital is owned by the Towns of German Flatts and Frankfort, New York, which admits both private and publicly assisted patients. It is licensed under the provisions of the Public Health Law of the State of New York. Petitioner is a private patient, having paid from her own funds the full costs of her medical care and treatment including services of private physicians and nurses from the date of her admission through August 31, 1974. Petitioner has failed to pay her hospital expenses since that date although she is still confined. The respondent, hospital, has sued petitioner in a related action for the costs of her room, board and care from September 1, 1974 through March 30, 1975, which action is still pending.
Respondent, Robert Whelan, is the Commissioner of Health of the State of New York. He has cross-moved for dismissal of *954 the petition pursuant to CPLR 3211 (subd [a], pars 2, 5, 7) and CPLR 7804 (subd [f]) upon the grounds:
1. That the court lacks jurisdiction of the subject matter;
2. The petition is time-barred; and
3. The petition fails to set forth facts entitling petitioner to the relief sought.
Petitioner contends that her right of due process entitles her to notice and hearing prior to increase in rates by Mohawk Valley General Hospital. Petitioner claims that the rates charged her have been arbitrarily and capriciously increased in excess of the rates charged Medicaid and Blue Cross patients. The court is urged to believe that the hospital was under a statutory obligation pursuant to sections 2803 and 2805 of the Public Health Law to establish and maintain uniform rates proportionate to the services rendered but that the rates charged for petitioner’s room have been repeatedly increased excessively out of proportion to the services rendered. Petitioner alleges that respondent is charged with the statutory duty of approving and fixing rates charged by hospitals and further that respondent has allowed active discrimination to take place with reference to the rates charged petitioner. Petitioner alleges the following items in support of her position:
1. Petitioner pays for the unemployment insurance costs of her special nurses and also for other general hospital employees who service her room thus reducing hospital costs;
2. Petitioner pays for her own 24 hour special nursing service which is a 26% factor reduction in expense to the hospital;
3. That the hospital by failing to reduce the rates charged petitioner by 26% and the respondent by failing to require such reduction have actually discriminated against petitioner.
Respondent, Whelan, through the Attorney-General, contends that as the Commissioner of Health, he is neither required to nor has he the duty to control rates charged by hospitals to private patients; that insufficient actions or failures to act are alleged by petitioner to bring the matter under article 78 review; that due process has not been violated and further that the petition is time-barred. Respondent alleges that he has neither fixed, established, nor determined the rates in question and lacks statutory authority to do so.
Respondent, Mohawk Valley General Hospital, in its cross *955 motion to dismiss the petition, contends that common-law principles govern the relationship between hospital and private patient; that the cited sections of the Public Health Law do not apply to private patients; and that article 78 proceedings do not apply here.
The court has been supplied with extensive affidavits and briefs by all parties which delineate each respective position taken in the action. After thoroughly reviewing the papers submitted, the court finds that it has jurisdiction of the subject matter pursuant to sections 2803 and 2807 of the Public Health Law which provide for payments for hospital and health-related services, the manner in which they are determined and for review in article 78 proceedings. (Caldwell v Commissioner of Health, 47 AD2d 689.)
There has been no showing that the commissioner was under any duty to act with reference to private patients or that any administrative procedures were ever sought by petitioner. There is no statutory duty imposed under the Public Health Law or case law which supports petitioner’s contention that hospital rates for private patients are established, changed or reviewed by the Commissioner of Public Health. Section 2807 of the Public Health Law fixes medical reimbursement rates paid to medical facilities for services rendered to publicly assisted patients or to patients whose services are paid by third-party payors. (Matter of Board of Monroe Community Hosp. v Ingraham, 80 Misc 2d 950; Matter of Sigety v Ingraham, 29 NY2d 110; Matter of Severino v Ingraham, 45 AD2d 564.) Neither the statute nor the case law contains language which specifically or impliedly could be construed to apply to private patients such as the petitioner herein. In Michaels v County of Tioga (61 Misc 2d 603), where a nursing home raised its rates, the county was not obligated to pay the increased rates for publicly assisted patients. Petitioner herein, on the contrary, is a privately supported individual, who, through her attorney in fact, is competent to énter into a contract for services. By remaining in the hospital and continuing to accept its services after each rate increase, it may be found that petitioner entered into an implied contract for the hospital services for which she received the benefit at the new rate. (Shapira v United Med. Serv., 15 NY2d 200.) At all times during her confinement, petitioner or her legal representatives were free to object or protest both her care and treatment and the rates charged therefor.
*956 Section 13 of the Public Health Law authorizes the commencement of a proceeding pursuant to CPLR 7801 et seq. to enforce a duty required by the Public Health Law. However, pursuant to CPLR 217 any such proceeding must be commenced within four months after a public officer’s determination becomes final or his refusal to act. Petitioner herein seeks review of hospital charges incurred within the nine years prior to the commencement of the related action by the hospital to collect for petitioner’s care from September 1, 1974 through March 30, 1975. The court further finds that the article 78 proceeding commenced by petitioner is time-barred.
The application of petitioner for judgment pursuant to CPLR article 78 is hereby denied. The cross motions of respondent, Robert Whelan, State Commissioner of Public Health, and respondent, Board of Managers of the Mohawk Valley General Hospital, for dismissal of the petition are hereby in all respects granted.