OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Medicaid reimbursement rates for petitioner, a diagnostic and treatment center, are calculated by respondents pursuant to Public Health Law § 2807 for a rate period of April 1 through March 31. These rates — prospective in nature — are determined by adjusting the cost data of each facility for a base year. While 1978 had been used as the base year in determining petitioner’s 1982-1983 reimbursement rate, owing to a change in the law enacted March 31, 1983, respondents used 1981 as the base year for petitioner’s 1983-1984 reimbursement rate. However, respondents did not actually determine petitioner’s 1983-1984 rate until December 1, 1983, at which time respondents advised petitioner that, with its 1981 costs below its 1978 costs, petitioner’s perpatient reimbursement rate would be reduced for 1983-1984, retroactive to April 1, 1983. Retroactive application of the reduced rate resulted in a substantial overpayment, which petitioner paid respondents under protest; it then commenced this article 78 proceeding for a refund and other relief. Supreme Court granted the petition and the Appellate Division affirmed.
Section 2807 (7) (a) of the Public Health Law requires that respondents give notice of new rates of Medicaid reimbursement at least 60 days "prior to the beginning of an established rate period for which the rate is to become effective.” Retroactive reimbursement rates are inconsistent with this provision, the general purpose of the prospective rate system being "to permit providers of nursing home and health-related services to conduct their operations in full reliance upon the rates certified by the commissioner” (Hurlbut v Whalen, 58 AD2d *937 311, 319, lv denied 43 NY2d 643). The bill passed on March 31, 1983 — the Laws of 1983 (ch 53) — requiring respondents to use 1981 rather than 1978 as the base year, neither authorized retroactive reimbursement rates, as the Legislature might have provided had it so intended (see, Matter of Kaye v Whalen, 44 NY2d 754, rearg denied 44 NY2d 949, appeal dismissed 439 US 922), nor repealed the notice provision of section 2807 (7) implemented just three months earlier (L 1982, ch 536). Nor can a provision for retroactive application simply be read into chapter 53 when to do so would create a conflict with Public Health Law § 2807 (7) (a) (see, Ball v State of New York, 41 NY2d 617; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 391).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed, with costs, in a memorandum.