In the Matter of WELLSVILLE MANOR NURSING HOME, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.

Third Department, December 1, 1988

**APPEARANCES OF COUNSEL**

*O'Connell & Aronowitz (Thomas F. Gleason* and *Cornelius D. Murray* of counsel), for appellant.

*Robert Abrams, Attorney-General (Clifford A. Royael, Wayne L. Benjamin* and *Alan W. Rubenstein* of counsel), for respondents.

## OPINION OF THE COURT

MIKOLL, J.

Petitioner began operating a residential health care facility in Allegany County in early 1983. As a participant in the Medical Assistance Program (hereinafter Medicaid), petitioner is reimbursed by the State pursuant to Public Health Law article 28, which requires a prospective rather than retrospective determination of reimbursement rates. A participant must be notified of its approved rate of reimbursement 60 days before it is effective (Public Health Law § 2807 [7] [a]). The reimbursement rate is generally based upon cost reports submitted by a participant for the fiscal year ending six months before commencement of the rate period. This rate is then determined by increasing the allowable costs by a trend factor which compensates for inflation *(see,* 10 NYCRR 86-2.10, 86-2.11, 86-2.12).

Since new facilities, such as petitioner, lack actual cost data, respondent Commissioner of Health promulgated regulations determining their reimbursement rate. This rate is calculated by the "group average", a rate determined by an average of comparable facilities *(see,* 10 NYCRR former 86-2.15 [b]). After six months of a 90% occupancy rate or better, the new facility must file and certify a cost report within 60 days of the six-month period covered by the report (10 NYCRR 86-2.2 [e]). The new rate, based upon actual cost rather than a group average, then becomes effective on the first day of the six-month period (10 NYCRR 86-2.14 [a] [1]; 86-2.15 [c]).

Petitioner, after it achieved a six-month 90% occupancy period, filed its cost report within the 60-day time period mandated by 10 NYCRR 86-2.2 (e). The Department of Health subsequently notified petitioner that cost-based rates had been established for its facility applied retroactively from June 1, 1983 through 1985. The cost-based rates were lower than the group average rates, so petitioner filed an administrative appeal pursuant to 10 NYCRR 86-2.14. The appeal was denied on the ground that no issues of fact were presented.

Petitioner reserved its rights to challenge the Department's action and paid a portion of the retroactive rates. The Department began recoupment of the remainder from petitioner's

cost-based rates. Petitioner, asserting that the action of the Department was arbitrary, capricious, illegal and an abuse of discretion, brought this CPLR article 78 proceeding to (1) annul the retroactive revision of the rates from June 1, 1983 to December 31, 1985, (2) enjoin the Department from further recoupment from present reimbursements, and (3) obtain a refund of the sums previously paid. Supreme Court dismissed the petition, holding that the plain language of the regulations provided petitioner with ample notice that the revised rates would be effective during the rate period. This appeal by petitioner ensued.

Petitioner's claim that the retroactive revision of the reimbursement rates in this case violates the provisions of Public Health Law § 2807 (7) (a) establishing prospective Medicaid reimbursement rates is well taken. Therefore, the judgment of Supreme Court should be reversed, the determination of the Commissioner annulled, the petition granted and the matter remitted for further proceedings.

The decision in this case distills to whether the regulations promulgated by the Department, which retroactively revise a new facility's Medicaid reimbursement rate, are inconsistent with the provisions of the Public Health Law requiring prospective Medicaid reimbursement rates as evidenced by Public Health Law § 2807 (7) (a), directing a 60-day notice requirement for rate revisions.

In 1969, Public Health Law article 28 was amended to replace retrospective calculation of reimbursement rates with prospective calculation of rates as an incentive to control the costs of operation (see, Cost Control Act of 1969 [L 1969, ch 957]; see also, Matter of Beekman-Downtown Hosp. v Whalen, 44 NY2d 124, 128). This creates an incentive to keep costs low by allowing the facility to retain the difference when the predicted rate of reimbursement turns out to be greater than the ultimate actual cost. Consonant with prospective rate adjustments, the Legislature enacted Public Health Law § 2807 (7) (a), which requires the Department to give a 60-day notice before Medicaid reimbursement rates can be adjusted. Retroactive reimbursement rates have been held to be completely inconsistent with this provision (see, Jordan Health Corp. v Axelrod, 67 NY2d 935, 936-937).

In Hurlbut v Whalen (58 AD2d 311, lv denied 43 NY2d 643), a case similar to the instant proceeding, where a new facility's rates were retroactively revised and the Department at-

tempted to recoup overpayments pursuant to 10 NYCRR former 86-19 (now 86-2.15), the Fourth Department held that such an attempt violated Public Health Law former § 2807 (4) (now § 2807 [7] [a]) *(supra,* at 318). It was there argued that the Department had a common-law right to recoup Medicaid payments and that the 60-day notice provision did not apply to an adjustment to a new facility's reimbursement rates *(supra,* at 318-319).

Respondents assert that *Hurlbut (supra)* is not applicable here because the Department has amended the regulations to now give a new facility notice that its rates will be adjusted from the first day of the six-month period when the facility is operating at a 90% occupancy rate *(see,* 10 NYCRR 86-2.15 [c]). Therefore, they reason that it is unnecessary to rely on a common-law right of recoupment and that the Department has cured the alleged defect found by the *Hurlbut* court. We disagree. Where a regulation is clearly contrary to the wording of a statutory provision, it should not be accorded any weight since a regulation is subordinate to a statute *(see, Matter of Jones v Berman,* 37 NY2d 42, 53). Retroactive reimbursement of rates is so inconsistent with the prospective rate-making plan in Public Health Law article 28 that regulations, such as those in dispute here, which undermine this policy can only be upheld as reasonable when there is specific statutory authorization for them. That has not occurred here.

Finally, respondents contend that the Department has a right to recoup overpayments. However, the " 'right of recoupment does not extend to payments made under a statute which predicates determination of the amount to be paid upon judgmental considerations involving expertise' " *(Matter of Westledge Nursing Home v Axelrod,* 68 NY2d 862, 865, quoting *Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 34). Accordingly, retroactive recoupment is not appropriate in this case.

CASEY, J. P., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment reversed, on the law, with costs, determination annulled, petition granted, and matter remitted to respondent Commissioner of Health for further proceedings not inconsistent with this court's decision.