NEW YORK STATE ASSOCIATION OF COUNTIES, Respondent, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Appellants.

Third Department, April 19, 1990

APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Clifford A. Royael* and *Nancy A. Spiegel* of counsel), for appellants.

*Cadwalader, Wickersham & Taft* (*Peter C. Bergmann, Kathy Hirata Chin* and *William J. Natbony* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

■■ The first question presented for review on this appeal is whether Supreme Court erred in denying defendants' motion to dismiss plaintiff's first and second causes of action as time barred. The second question, not addressed by Supreme Court, is whether plaintiff's due process rights were violated by defendants' promulgation and implementation of 10 NYCRR 86-2.31. The first question is answered in the affirmative, the second in the negative. Consequently, the order and judgment of Supreme Court granting plaintiff's motion for summary judgment, declaring 10 NYCRR 86-2.31 null and void and directing recomputation of Medicaid reimbursement rates for 1987 onward, should be reversed; summary judgment should be granted in favor of defendants dismissing plaintiff's first and second causes of action as time barred and a declaration made in their favor regarding the third cause of action.

The facts of the case are as follows. The Department of Health (hereinafter DOH) in January 1986 implemented a new Medicaid reimbursement methodology for nursing homes referred to as the "Long Term Care Case Mix Reimbursement System" and commonly known as the "Resource Utilization Group" (hereinafter RUG-II) methodology (*see,* 10 NYCRR subpart 86-2). The purpose of this new methodology was to

create incentives for facilities to reduce expenditures and eliminate disincentives to accepting patients requiring more intense care. Prior to January 1986, Medicaid rates were calculated on a per-patient per-day rate determined on the basis of allowable costs in a prior year, "the base year", increased by a trend factor for inflation but limited by certain cost ceilings.

In November 1985, nursing homes in the State were notified of their 1986 reimbursement rates based on the original 1985 "Patient Review Instruments" (hereinafter PRI) submissions. In August 1986, DOH proposed that RUG-II category payment rates be reduced through a process called recalibration. DOH was of the opinion that subsequent PRI submissions resulted in a change in the case mix index not related to patient capabilities, which led to larger reimbursements without a correlative increase in resource utilization. Defendant Commissioner of Health approved 10 NYCRR 86-2.31 in December 1986 providing for recalibration by reducing the direct component of each facility's Medicaid reimbursement rate by a factor of 3.035% regardless of the actual change, if any, experienced by the facility.

Plaintiff is a nonprofit association of all 62 counties in New York, 42 of which own and operate nursing homes. Plaintiff originally commenced this matter as a proceeding under CPLR article 78 alleging in its petition that the implementation of the recalibration regulation (10 NYCRR 86-2.31) (1) was arbitrary and capricious, (2) violated Public Health Law §§ 2807 and 2808, and (3) deprived the nursing homes of their right to due process of law. Defendants moved for an order dismissing the petition as time barred. Supreme Court denied the motion and converted the proceeding into an action for declaratory judgment. Thereafter, plaintiff moved for summary judgment. Supreme Court granted summary judgment in favor of plaintiff on the first and second causes of action and declared 10 NYCRR 86-2.31 null and void, but did not address the third cause of action. This appeal ensued.

■ Supreme Court improperly held that the four-month limitation period (CPLR 217) for commencing an action under CPLR article 78 did not apply to the first and second causes of action. Our recent decision in *New York State Assn. of Counties v Axelrod* (150 AD2d 845) requires reversal of Supreme Court's order and judgment as to the first two causes of action (*see, supra,* at 846-847). In that case, this court held that causes of action, similar to those alleged herein, sought relief

cognizable under CPLR article 78 and that, therefore, the four-month limitation period applied regardless of the legislative act versus administrative act distinction *(supra)*.

Next, it is necessary to decide when the cause of action accrued to plaintiff's members. "[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217). A determination becomes final and binding when it has an impact upon a petitioner and it becomes clear that a petitioner has been aggrieved *(Matter of Owners Comm. on Elec. Rates v Public Serv. Commn.,* 150 AD2d 45, 49). To be aggrieved, a petitioner must be notified of an administrative determination *(Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834). Thus, a determination is binding on a petitioner when the petitioner receives notice *(Matter of Meinhardt v Board of Regents,* 151 AD2d 802, 803).

In the instant case more than the four-month limitation period expired before this litigation was commenced on October 2, 1987. The new regulation, 10 NYCRR 86-2.31, was filed with the Secretary of State on December 10, 1986. It provided that it would be implemented on July 1, 1987 to be applied retroactively to January 1, 1987. Its adoption was publicized in the New York State Register on December 31, 1986. Nursing homes were notified on November 1, 1986 of their reimbursement rates for 1987. Such notification included the direct component of a facility's rates. Therefore, as of December 31, 1986 county-owned nursing homes, those involved in this case, had sufficient information to calculate the impact of the new regulation on their reimbursements and whether they would be aggrieved. In these circumstances, the four-month time period began to run no later than December 31, 1987, the date 10 NYCRR 86-2.31 became effective *(see, Matter of Edelman v Axelrod,* 111 AD2d 468, 469). Although a later revision of the direct component followed the November 1, 1986 announcement, such was merely an incidental change to implement the regulation *(see, Matter of Abrams v Public Serv. Commn.,* 96 AD2d 701, 702, *affd on mem below* 61 NY2d 718).

In view of our determination on the first and second causes of action, it is necessary to address plaintiff's third cause of action which asserts that the implementation of the reimbursement regulation deprived plaintiff's members of due process of law. Since this is a constitutional claim it is not time barred *(see, Town of Brookhaven v State of New York,*

142 AD2d 338, 340, *appeal dismissed* 74 NY2d 714). Plaintiff bases this claim on defendants' alleged failure to furnish "a mechanism to refute the presumption that 3.035% of the direct component of each facility's Medicaid reimbursement rate represents an increase in its case mix index attributable to factors other than changes in population or condition". This claim lacks merit. The recalibration regulation is merely a method for calculating reimbursement rates based on only reasonable costs. It is in conformity with the Commissioner of Health's obligation imposed by law to reimburse health care providers at rates "reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities" (42 USC § 1396a [a] [13] [A]; Public Health Law § 2807 [3]). It is clear here that plaintiff has an available judicial remedy *(see,* Public Health Law § 13; CPLR art 78; *see also, Caldwell v Commissioner of Health,* 47 AD2d 689) and, consequently, plaintiff's members have not been deprived of due process. Defendants are therefore entitled to a declaration in their favor on the third cause of action.

In view of the dismissal of the first and second causes of action as time barred, we do not reach the issue of whether the promulgation and implementation of 10 NYCRR 86-2.31 was arbitrary and capricious, without a rational basis or violative of Public Health Law § 2807 or § 2808.

KANE, J. P., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Order and judgment reversed, on the law, without costs, summary judgment granted in favor of defendants dismissing plaintiff's first and second causes of action as time barred and declaring that 10 NYCRR 86-2.31 has not been shown to have violated the due process rights of plaintiff's members.