■ New York State Association of Counties, Respondent, v David Axelrod, as Commissioner of the New York State Department of Health, et al., Appellants. [595 NYS2d 258] —Mikoll, J. Appeal from an order and judgment of the Supreme Court (Keegan, J.), entered April 10, 1992 in Albany County, which, *inter alia,* declared that recalculation of Medicaid reimbursement rates for plaintiff's members shall extend through December 31, 1991.

This appeal by defendants is from an order and judgment of Supreme Court entered April 10, 1992 directing that defendants comply with a prior order and judgment of Supreme Court entered April 27, 1989 as reinstated by an order of the Court of Appeals dated June 27, 1991 *(see, 78 NY2d 158, revg 156 AD2d 14).*

Plaintiff commenced a CPLR article 78 proceeding in October 1987 challenging the promulgation and implementation of a recalibration regulation (10 NYCRR 86-2.31) that imposed a 3.035% across-the-board reduction in the direct payment component of the reimbursement rates paid for Medicaid services in all nursing homes State-wide. The Department of Health (hereinafter DOH) concluded that an overall increase in facilities' case mix indices (hereinafter CMIs), which are used in

determining each facility's reimbursement rate, was the result of "paper optimization" rather than any actual changes in the care of patients (see, 78 NY2d 158, 162-163, supra, for a fuller statement of facts). Supreme Court granted summary judgment in favor of plaintiff and declared the recalibration regulation null and void (hereinafter the reinstated judgment). This Court reversed Supreme Court's order upon finding that plaintiff's claims were barred by the Statute of Limitations (156 AD2d 14, 16-17, revd 78 NY2d 158, supra).

In reversing this Court, the Court of Appeals found that the claims were not time barred (78 NY2d 158, 165-166, supra) and that the recalibration regulation was void because the rate reduction factor employed was arbitrarily selected, and reinstated Supreme Court's initial judgment (supra, at 169). However, after remittal, defendants promulgated a new recalibration regulation (10 NYCRR 86-2.31) (hereinafter the new recalibration regulation), providing for a recalibration rate of between 0% and 3.035% based on facility-specific factors rather than on State-wide average CMI data (see, supra). Plaintiff then moved by order to show cause to enforce the reinstated judgment and to restrain defendants from retroactively applying the new recalibration regulation. Supreme Court granted the motion and ordered defendants to recalculate the Medicaid reimbursement rates for the period from January 1, 1989 through December 31, 1991. Supreme Court also restrained defendants from applying the new regulation, or from otherwise taking any action having as its intended or incidental effect the elimination or reduction of the 3.035% increased rate. This appeal by defendants ensued.

The order and judgment of Supreme Court entered April 10, 1992 should be affirmed.

Plaintiff correctly contends that Supreme Court had authority to direct defendants to recalculate the Medicaid reimbursement rates for plaintiff's members for the years 1989 through 1991. We reject defendants' argument that Supreme Court's order exceeds the relief sought in the original petition and that plaintiff must bring separate plenary actions to challenge rate recalibrations for the years subsequent to 1987 and 1988 because recalibration for a particular year is based on different facts from other years. Examination of the record reveals that the reinstated judgment directed defendants to recalibrate the reimbursement rates for 1987 "onward" without reference to or utilization of the original recalibration regulation and its methodology. The direction to recalculate reimbursement rates for 1988 through 1991 was in accord with the

reinstated judgment and within the court's discretion to award ancillary relief to the prevailing party to give meaning to its judgment (see, CPLR 3001, 3017 [b]; see generally, Morgenthau v Erlbaum, 59 NY2d 143, cert denied 464 US 993) and to fashion its judgment to fit the needs of the occasion (see, CPLR 3001, 3017 [b]; First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630, 637; see also, Siegel, NY Prac § 440, at 669 [2d ed]). In the instant case, the original recalibration regulation was declared void in the reinstated judgment because the regulation was based on a flawed methodology. Defendants continued to use this same flawed methodology in recalculating the years 1988 through 1991, taking advantage of the statutory stay afforded by CPLR 5519 (a). It would be illogical, inefficient and unnecessarily burdensome to require plaintiff to commence separate plenary actions to enforce the reinstated judgment in these circumstances.

Plaintiff's argument that the new recalibration regulation is in reality an attempt to evade the reinstated judgment and that the new recalibration may not lawfully be applied retroactively by defendants is meritorious. The majority of the Court of Appeals reasoned that the original recalibration regulation was arbitrary because DOH had failed to perform any empirical study to determine whether the increase in CMI was due to factors other than "paper optimization" (78 NY2d 158, 167-168, supra). The new recalibration regulation* attempts to calculate reimbursement rates based on facility-specific data rather than State-wide averages (see, 10 NYCRR 86-2.31), but apparently fails to justify the reduction in rates of between 0% and 3.035% with any empirical study or support as required by the Court of Appeals' decision (see, supra). Additionally, as Public Health Law § 2807 (7) (a) required DOH to notify facilities of their approved rates of payment at least 60 days prior to the beginning of the established rate period for which the rate is to be effective (see, Public Health Law § 2807 [7] [a]), and the affected facilities were not notified of their rates before the start of the rate years 1989 through 1991 because the new regulation was not promulgated until December 17, 1991 (see, 10 NYCRR 86-2.31), the new regulation cannot be applied retroactively for those rate years (see, Jordan Health Corp. v Axelrod, 67 NY2d 935, 936; Matter of Wellsville Manor Nursing Home v Axelrod, 142

---

* The new recalibration regulation was subsequently struck down as arbitrary and capricious in an unrelated action (see, Matter of N. Y. Assn. of Homes & Serv. for Aging v Commissioner of N. Y. State Dept. of Health, Sup Ct, Albany County, Sept. 30, 1992, Williams, J.).

AD2d 225, *lv denied* 74 NY2d 602; *Hurlbut v Whalen,* 58 AD2d 311, 319, *lv denied* 43 NY2d 643).

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.