■ In the Matter of NEW YORK ASSOCIATION OF HOMES AND

SERVICES FOR THE AGING, INC., Respondent, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants. [600 NYS2d 356] —Casey, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 30, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul the 1989 to 1991 Medicaid reimbursement rates for petitioner's members.

This proceeding has its genesis in the adoption by the Department of Health (hereinafter DOH) of a new method in 1986 for determining nursing home Medicaid reimbursement rates, which was designed, in part, to produce rates that reflect relative resource needs of patients. One component of the new reimbursement rate method uses a facility's "case mix index" or CMI, which is the weighted sum of the facility's patient distribution in 16 patient classification categories. The reimbursement rates were initially based on the State-wide average CMI derived from data submitted by facilities in 1985. DOH noted that the data submitted by facilities in 1986 revealed an increase in the facilities' CMIs and concluded that the increase must be the result of the facilities' better understanding of the new method, which led to more accurate reporting of the relevant data. To correct for the effect of this "paper optimization", DOH applied an across-the-board 3.035% reduction to the direct component of the reimbursement rates determined under the new method for all rate years commencing on and after January 1, 1987.

The New York State Association of Counties (hereinafter NYSAC) commenced a CPLR article 78 proceeding to challenge the validity of the regulation which effected the corrective measure (10 NYCRR former 86-2.31). The Court of Appeals ultimately determined that the regulation lacked a rational basis because "the DOH documentation in the record totally lacks any justification for the conclusion that the resulting increase in facilities' CMIs was attributable solely to factors *other than* actual change in patient conditions, care needs and resource utilization" (emphasis in original) *(New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 167-168 [hereinafter *NYSAC I]).* The order in *NYSAC I* reinstated Supreme Court's judgment, which had converted the proceeding to a declaratory judgment action, declared the regulation null and void as arbitrary and capricious, and directed DOH to recompute reimbursement rates for 1987 onward without reference to the regulation.

Effective December 17, 1991, DOH promulgated a new regulation (10 NYCRR 86-2.31) which again seeks to correct for "paper optimization". In response to the criticism voiced by the Court of Appeals in *NYSAC I (supra),* the corrective measure in the new regulation is based on facility-specific factors. According to DOH, the new regulation was designed to factor out all causes for CMI increase other than "paper optimization", so that the figure produced by application of the new regulation must be the increase caused by "paper optimization". The new corrective measure is specifically applicable to the 1989, 1990 and 1991 rate years, with the reduction for such years capped at the old 3.035% (10 NYCRR 86-2.31 [a]). The 3.035% cap is deleted for succeeding years (10 NYCRR 86-2.31 [b]).

Claiming that application of the new regulation to the 1989, 1990 and 1991 rate years constituted an attempt to evade the judgment reinstated by the Court of Appeals in *NYSAC I (supra),* NYSAC moved for an order directing DOH to comply with the reinstated judgment. Supreme Court granted the motion and on appeal this Court affirmed, holding that the new regulation could not be applied retroactively to the 1989 through 1991 rate years *(New York State Assn. of Counties v Axelrod,* 191 AD2d 932 [hereinafter *NYSAC II]).*

In the meantime, petitioner, which represents some 264 nursing homes in New York, commenced this CPLR article 78 proceeding to challenge the new regulation and its application to the 1989, 1990 and 1991 rate years. The petition alleges five causes of action, including claims that 10 NYCRR 86-2.31 (a) is arbitrary and capricious and constitutes unlawful retroactive ratemaking. Based upon the Court of Appeals decision in *NYSAC I (supra),* Supreme Court concluded that a reasonable or measured period of empirical analysis or validation was required and that the regulation was arbitrary and capricious because the requirement had not been met. 10 NYCRR 86-2.31 (a) was, therefore, declared null and void, any reimbursement rates for the years 1989 through 1991 calculated pursuant to the regulation were annulled, and DOH was directed to recompute the rates for 1989 through 1991 without applying the regulation.

On appeal, DOH contends that petitioner failed to make a compelling showing that the new regulation is unreasonable. We need not decide that issue, however, for this proceeding concerns only 10 NYCRR 86-2.31 (a), which applies to the

1989, 1990 and 1991 rate years,* and this Court held in *NYSAC II (supra)* that because the regulation was not promulgated until December 17, 1991 it cannot be applied retroactively to the 1989, 1990 and 1991 rate years. Accordingly, regardless of whether 10 NYCRR 86-2.31 (a) is unreasonable, arbitrary and capricious or lacks a rational basis, petitioner is entitled to the relief awarded by Supreme Court because, as established by this Court's holding in *NYSAC II,* the regulation constitutes unlawful retroactive ratemaking.

Weiss, P. J., Mikoll, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.

(July 22, 1993)

---

* 10 NYCRR 86-2.31 (b), which applies prospectively to the rate years 1992 and thereafter, is apparently the subject of a separate CPLR article 78 proceeding commenced by petitioner in March 1992.