■ In the Matter of SUNREST HEALTH FACILITIES, INC., Petitioner, v BRIAN J. WING, as Commissioner of Social Services of the State of New York, Respondent. [657 NYS2d 508] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found that petitioner had received overpayments in Medicaid benefits.

Petitioner is licensed to operate a 210-bed residential health care facility in the Village of Port Jefferson, Suffolk County, pursuant to Public Health Law article 28 and a participant in the State Medicaid program. On December 8, 1987, petitioner submitted a proposed budget for dental services to the Department of Health (hereinafter DOH), which included costs for transportation of residents to dental offices as petitioner did not have the space for a dental office. In May 1988, DOH determined that as petitioner's submitted dental budget exceeded departmental guidelines, its rate adjustment would be based upon a maximum annual allowance of $20,688 in its skilled-nursing facility and $12,196 in its health-related facility. The letter also notified petitioner that it would be responsible for payment of dental-related service fees starting with July 1, 1988, later changed to July 1, 1989 at petitioner's request.

Thereafter, the Department of Social Services (hereinafter DSS) conducted an audit of petitioner's actual dental costs from July 1, 1989 through December 31, 1989 (*see*, Social Services Law § 368-c [1]; 18 NYCRR 517.3 [a]) and found that petitioner paid only $995 for actual dental expense, a differ-

ence of $31,889 between the budgeted expense and actual expense. DSS disallowed the $31,889 as unsubstantiated and unrelated to patient care and found that petitioner received an overpayment of $11,578. Petitioner then requested an administrative hearing, claiming that the dental rate was computed by DOH as a group rate and not by a specific budget supplied by petitioner. If DOH set the rate as a group rate, the difference between the rate paid and petitioner's actual costs could not be recovered (see, e.g., Matter of Wellsville Manor Nursing Home v Axelrod, 142 AD2d 225, 228, lv denied 74 NY2d 602).

Following the hearing, an Administrative Law Judge (hereinafter ALJ) held that there was insufficient evidence to conclusively establish whether the rates were based upon a budget submitted by petitioner or a group rate set by DOH and upheld DSS' determination. Petitioner thereupon commenced this CPLR article 78 proceeding claiming, inter alia, that since the rate was based on a group average, DSS had no authority to audit it, that the determination was not supported by substantial evidence and was arbitrary and capricious. Supreme Court transferred the matter to this Court for review pursuant to CPLR 7804 (g).

Petitioner's contention that the ALJ acted arbitrarily in upholding the determination of DSS because petitioner met its burden of proving that the rate was set as a group rate (see, 18 NYCRR 519.18 [d] [1]) is rejected. Petitioner's reliance upon the testimony of Daniel Horan, a certified public accountant representing many health care facilities in the same Long Island region where petitioner is located, is misplaced. Horan's testimony was conclusory and insufficient to establish that DOH applied a group rate (see, Matter of Newman v Dowling, 210 AD2d 552, 554; Matter of Louis v Dowling, 203 AD2d 742, 743).

We also find without merit petitioner's argument that documentary evidence in the form of a letter from DOH dated May 26, 1988 rejecting petitioner's proposed budget met its burden of proof is rejected. The letter was inconclusive proof that the rate established was based on a group rate. The statement that petitioner's budget exceeded departmental guidelines and that DOH based its rate adjustment upon a "maximum annual allowance" indicate that the rate adjustment was based on the maximum allowance permitted and not that DOH applied a group rate. Accordingly, the ALJ's determination sustaining recoupment was not improper (cf., Matter of Wellsville Manor Nursing Home v Axelrod, 142 AD2d 225, 228, supra).

Petitioner's argument that its costs for dental services experienced during the six-month period from July 1989 through December 1989 were materially less than in subsequent months, and therefore should not be used for future ratemaking because, if so used, significant underreimbursement could result, is not reviewable. This issue was not raised before Supreme Court and consequently has not been preserved for judicial review (*see*, 18 NYCRR 519.18 [a]; *Matter of Enrico v Bane*, 213 AD2d 784, 786). In any event, the contention is without merit as it is not supported by any factual evidence.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.