■ In the Matter of RICHARD CORBISIERO, Doing Business as RICCARDO's, Respondent, v NEW YORK STATE TAX COMMISSION, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered December 2, 1980 in Albany County, which dismissed petitioner's article 78 proceeding without prejudice to the proper commencement of the proceeding, and (2) from the judgment entered thereon. Petitioner, the owner and operator of a restaurant, was audited by the Sales Tax Bureau of the State Tax Commission which issued a determination for payment of sales and use taxes in the amount of $108,285.33, plus penalty and interest, for the period June 1, 1970 through May 31, 1973. Petitioner sought a revision of the determination. He waived a formal hearing and submitted the case on the record. On February 13, 1980 the Tax Commission issued a determination modifying the findings of the Sales Tax Bureau. Petitioner received a copy of the determination on February 19, 1980. Petitioner commenced an article 78 proceeding to annul the determination on June 6, 1980, by serving the Attorney-General. Respondent moved to dismiss the petition for failure to serve respondent within the four-month Statute of Limitations (CPLR 217, 312) and for failure to file a proper undertaking in accordance with subdivision (a) of section 1138 of the Tax Law. Petitioner, it appears, had served the Attorney-General but had failed to serve respondent. Petitioner, meanwhile, on June 5, 1980, requested a rehearing before the State Tax Commission. The Tax Commission granted a rehearing and subsequently, on August 1, 1980, notified petitioner that the amount of interest and penalty imposed was reduced from $73,395.05 to $40,150.62, with interest computed to July 28, 1980. By order dated November 25, 1980, Special Term dismissed the petition "without prejudice to properly commence said proceeding within the applicable statute of limitations commencing August 1, 1980." Special Term found that petitioner had failed to personally serve the State Tax Commission. Upon respondent's appeal from Special Term's determination, petitioner contends that the action of the State Tax Commission on August 1, 1980 constituted the final determination in the proceeding and extended the Statute of Limitations from that date forward rather than from the date of the original determination of February 13, 1980. We disagree. The four-month period to review a determination of the Tax Commission commences when the determination becomes final. Where consideration of a redetermination is granted as a matter of grace, as here, the nature of the reconsideration determines whether the time to commence a review is extended. Where there is a fresh and new redetermination, petitioner's period within which to commence a review proceeding is renewed (*Matter of Camperlengo v State Liq. Auth.*, 16 AD2d 342, 344). Similarly, where new and additional evidence is presented on a rehearing, the limitation period is extended. However, where no new evidence is presented to the agency, the time to commence an article 78 proceeding will not be extended (*Matter of*

*Davis v Kingsbury,* 27 NY2d 567; *Matter of Express Limousine Serv. v Hennessy,* 72 AD2d 864). Here, the record does not indicate that any new evidence was presented by petitioner at the rehearing held on July 9, 1980 and, in any event, the merits of the appeal were not determined at that rehearing which involved only the abatement of petitioner's penalty and interest. We hold that this did not constitute such a formal reconsideration on the merits so as to revive the Statute of Limitations. Thus, the four-month limitation period commenced on February 13, 1980. Therefore, Special Term erred in not dismissing the petition outright. In view of this finding, the second issue raised by respondent as to petitioner's failure to file an undertaking pursuant to subdivision (a) of section 1138 of the Tax Law is moot and need not be addressed. Order and judgment modified, on the law, by deleting those portions of the decretal paragraphs thereof which provide that the petition is dismissed without prejudice to proper commencement within the applicable Statute of Limitations, and by substituting therefor a provision which dismisses the petition outright, and, as so modified, affirmed, without costs. Mahoney, P.J., Main, Mikoll and Yesawich, Jr., JJ., concur; Herlihy, J., concurs in the result only.