OPINION OF THE COURT
 

 Gabrielli, J.
 

 The issue presented on this appeal involves the extent of the jurisdiction and regulatory powers of the New York State Racing and Wagering Board in exercising its statutory supervisory powers over Regional Off-Track Betting Corporations. On August 10, 1978, petitioner, Capital District Regional Off-Track Betting Corporation (CDROTB),
 
 *157
 
 discovered an error in the listing of entries for the second race at Saratoga Thoroughbred Race Track. The error was created by an employee of CDROTB who had mistakenly coupled horses on the daily entry sheets. By 10:00 A.M. that same day, the betting machines had been electronically corrected, and the information boards of each betting parlor were likewise updated to reflect the correct entries. However, the entry sheets were not so corrected and, quite naturally, the possibility remained that bets were placed after 10:00 A.M. on the basis of erroneous information.
 

 CDROTB then determined to pay, in full, all patrons who purchased their tickets before 10:00 A.M. Those patrons who purchased tickets after that hour, however, were paid at 50% of the ticket value. CDROTB believed this was an equitable settlement, rationalizing that the latter patrons were obligated to check the information boards before placing a wager. As a result of a complaint concerning this method of payment, respondent, New York State Racing and Wagering Board, issued a directive that all such tickets be paid in full. Following a hearing before the board, at which CDROTB contested the board’s authority to act in this matter, the directive was confirmed.
 

 CDROTB commenced this article 78 proceeding, seeking a judgment annulling the board’s directive and staying its enforcement. Special Term held that the board had not acted in excess of its jurisdiction, but the Appellate Division reversed, holding that, in the absence of the board’s promulgation of a rule or regulation giving it jurisdiction over betting disputes, the board’s intervention in the present dispute was arbitrary and capricious. There should be a reversal.
 

 The board has general jurisdiction over all horse racing activity, all pari-mutuel betting activity, and all persons and entities engaged in those activities (Racing and Wagering Board Law, § 201, subd 1, L 1940, ch 254, added L 1973, ch 346, as amd by L 1976, ch 92, § 7). In particular, the board has broad powers to regulate off-track parimutuel betting facilities, including the power to issue rules and regulations (Off-Track Pari-Mutuel Betting Law, § 118, L 1940, ch 254, added L 1973, ch 346, as amd by L
 
 *158
 
 1973, ch 414, § 4), to approve the plan of operation submitted by a regional corporation, such as petitioner (L 1973, ch 346, § 5), to approve the betting programs of those corporations (L 1978, ch 576, § 7), to oversee their accounting and record-keeping activities (L 1973, ch 346, §8), and to resolve certain disputes between racetrack and offtrack betting corporations (L 1973, ch 346, § 10). The legislative scheme demonstrates an intent to place ultimate supervisory and regulatory power in the State board. Given the broad discretion and power granted to this agency, we conclude that it possesses the power to intervene in petitioner’s efforts to resolve a betting error.
 

 Petitioner argues, however, that the legislative scheme also delegates certain responsibilities to the regional corporations, citing the Regional Off-Track Betting Corporation Law. It is true that these corporations have certain powers (see Regional Off-Track Betting Corporation Law, § 4, L 1940, ch 254, as amd by L 1976, ch 593), but it is significant to note that all of those powers are “[sjubject to the general and specific limitations of this act and the authority of the state board”
 
 (id.).
 
 This condition delegation of power not only supports the conclusion that the State board’s action was proper, but also further evinces the legislative intent as to the balance of authority and responsibility between these two entities.
 

 It is also urged that the board has delegated to CDROTB the responsibility to resolve betting errors. The State board approved the petitioner’s plan of operation, including rule 6.10, which provides, in pertinent part: “Determination by the Corporation as to disputed betting errors shall be final and not subject to further legal action” (Official Operating Procedures, Rules and Regulations of Capital District Regional Off-Track Betting Corporation). However, it should be noted that to the extent the approval of that rule might be construed to allow the board to abrogate its over-all responsibility to oversee the activities of the regional off-track betting corporations, it is an improper delegation of the State board’s authority. We thus conclude that, even if its provisions were to be interpreted to extend to the State board, the board is not precluded,
 
 *159
 
 by approval of this rule, from intervening in the resolution of betting errors where appropriate.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division for a review of the facts and consideration of the issues not reached by that court.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.