■ LAZARO SAUMELL, Respondent, v NEW YORK RACING ASSOCIATION, INC., Appellant, and NEW YORK STATE RACING AND WAGERING BOARD, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin the New York Racing Association, Inc., from excluding petitioner from racetracks in New York owned by the association, the appeal is from a judgment of the Supreme Court, Queens County (Rodell, J.), dated August 5, 1981, which, *inter alia,* annulled the directive excluding petitioner from racetracks owned by the association and directed that the petitioner be allowed access to the said

racetracks. Judgment modified, on the law, by deleting the first and third decretal paragraphs, and by adding thereto a provision dismissing the proceeding as to the respondent New York State Racing and Wagering Board. As so modified, judgment affirmed, without costs or disbursements. Petitioner is a jockey licensed by the New York State Racing and Wagering Board (the board). On June 22, 1981, petitioner rode a horse by the name of Jack's Pet in the second race at Belmont Park Racetrack. On July 12, 1981, petitioner was advised in a letter from James Heffernan, president of the appellant New York Racing Association, Inc. (the NYRA), that he would be denied access to the NYRA's facilities and would not be permitted to race at the NYRA's tracks. The basis for this determination, according to the letter, was that the NYRA had information, obtained through its own investigation, that just prior to the June 22 race, petitioner was wrongfully in possession of an illegal electronic device. Such a device could be used to affect the speed or condition of a horse. The letter further advised petitioner that upon his request, the NYRA would provide him and his counsel with an "immediate opportunity" for a hearing "before a panel appointed by" Mr. Heffernan. By order to show cause dated July 16, 1981, petitioner brought this proceeding, inter alia, to enjoin the NYRA from enforcing its directive on the grounds that: (1) the NYRA's action was, in effect, an usurpation of the board's licensing authority, and (2) the NYRA's decision was arbitrary and capricious, and a violation of petitioner's rights to due process and proper statutory procedure. The NYRA does not contest, at least for the purposes of this proceeding, that its July 12 directive constitutes State action and therefore is subject to due process requirements (see Jacobson v New York Racing Assn., 41 AD2d 87, mod on other grounds 33 NY2d 144). It argues that the summary exclusion of petitioner was justified in that its investigation showed that there was probable cause to believe that petitioner was indeed guilty of the infraction charged, and further, that by offering a prompt postexclusion hearing, due process was satisfied (see Barry v Barchi, 443 US 55). The decision to exclude petitioner from its racetracks, according to the NYRA, was within its authority since it was a "reasonable discretionary business judgment * * * actuated by motives * * * relating to the best interests of racing generally" (see Jacobson v New York Racing Assn., 33 NY2d 144, 150, supra). The NYRA has a duty to help insure "the interests of legitimate racing" (see L 1955, ch 812, § 1, as amd; Jacobson v New York Racing Assn., 33 NY2d 144, supra), and tampering with a horse is a grave offense that should not be tolerated. While NYRA was conducting its investigation, the board also was looking into the alleged incident. The board's investigators were contemplating the possibility of some sort of disciplinary action dependent on what evidence was uncovered. On July 28, 1981, the board brought a disciplinary proceeding against Alex Fiore, the trainer of Jack's Pet, on charges related to the alleged incident of June 22. At no time has the board presented any charges against petitioner, and there is no indication in the record that the board is either continuing its investigation or contemplating action against petitioner. Until such time as the board does bring a disciplinary proceeding against petitioner, any further attempt by the NYRA to exclude petitioner would infringe on the board's authority to license horsemen (see Jacobson v New York Racing Assn., 33 NY2d 144, 150, supra). The board alone has the power to license horsemen (Matter of Fink v Cole, 302 NY 216; L 1951, ch 324, § 4) and only the board can revoke such a license. In Jacobson v New York Racing Assn. (49 AD2d 634), we held that the NYRA could deny a horse owner or trainer stall space, notwithstanding the fact that he held a license from the board. The record in that case reveals that there were far too many applicants for stall space than there were stalls available. Because of that situation, it was proper for the NYRA to take into account factors such as

the owner's or trainer's character and past history with the board in determining whether to grant stall space. This case is distinguishable, in that here the reason for excluding petitioner, a jockey, is based solely on an alleged infraction of a rule of the board. While the board was contemplating the possibility of action against petitioner, the NYRA's decision to act quickly in the interests of horse racing was not an infringement on the board's authority per se. However, since the board has not taken any action against petitioner, suspension by the NYRA does infringe on the board's licensing authority (cf. *Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd.*, 54 NY2d 154; *Matter of Fink v Cole, supra*). The proceeding as against the board should be dismissed because the board has not taken any action against petitioner. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.