OPINION OF THE COURT
Thomas P. Flaherty, J.
The first impression question presented is whether the Western Regional Off-Track Betting Corporation (plaintiff) is required to pay for transmission of the "live call of the race” for races conducted by associations or corporations licensed to conduct thoroughbred races at tracks located within the western region.
Plaintiff moves for summary judgment in this action for declaratory and injunctive relief. At issue is the payment for transmission of a "live call” of races held at the defendant’s racetrack. The New York State Racing and Wagering Board (Board) moves to intervene and for an order dismissing this action on the basis that the court lacks jurisdiction to grant the relief requested. The Board’s motion to intervene is *694 granted and the court will first consider the jurisdictional argument that the dispute between the plaintiff and the defendant should, in the first instance, be addressed by the Board.
The court recognizes that the Board has general jurisdiction over all horse racing activity, all pari-mutuel betting activity, and all persons and entities engaged in those activities; that the Board has been granted ultimate supervisory and regulatory power; and that it enjoys broad discretion and power over matters involving horse racing in the State (Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 54 NY2d 154, 157-158). However, the instant action involves interpretation of statutory language and is not concerned with the regulation of horse racing, the approval of plans of operations, the approval of betting programs, the overseeing of accounting and record-keeping activities or of a dispute between a racetrack and an off-track betting corporation (cf. Matter of Capital Dist. Regional OffTrack Betting Corp. v New York State Racing & Wagering Bd., supra). Nor is this an action arising out of a contract dispute between the parties.
As the court stated in a matter involving interpretation of a section of the Labor Law, an issue involving interpretation of statutory language "is a question of law more appropriate for judicial rather than administrative resolution (Matter of Van Teslaar [Levine], 35 NY2d 311).” (Matter of Theurer [Trustees of Columbia Univ.—Ross], 59 AD2d 196, 197-198.) Furthermore, resolution of the statutory interpretation issue at bar would not be materially aided by administrative expertise of the Board and there is no other reason appearing for this court to defer to the Board (see, Matter of Van Teslaar [Levine], 35 NY2d 311, 318). Since this case involves an interpretation of Racing, Pari-Mutuel Wagering and Breeding Law § 901 (7), the motion to dismiss for want of jurisdiction is in all respects denied.
Racing, Pari-Mutuel Wagering and Breeding Law § 901 (7) requires that the defendant provide for races held at its racetrack "direct transmission into the facilities of [the plaintiff] of a current 'live call of the race’ as defined in paragraph a of subdivision five of this section.” Racing, Pari-Mutuel Wagering and Breeding Law § 901 (5) (a) defines "live call of the race” as "the current positions of the horses at specified places on the track during the race.” Subdivision (5) (a) continues to the effect that a track operator may perform the *695 broadcast, or provide alternative space and facilities to enable an alternative broadcast to be performed solely for a regional off-track betting corporation, the expense of which alternative broadcast is to be borne by the regional off-track betting corporation and in either case, all incremental transmission costs are to be borne by the off-track betting corporation.
Defendant takes the position that this additional condition of subdivision (5) (a) with respect to a regional off-track betting corporation paying for the transmission of the "live call of the race” is also to be read into Racing, Pari-Mutuel Wagering and Breeding Law § 901 (7). Plaintiff takes the position that the Legislature made a distinction between nonprofit racing associations (Racing, Pari-Mutuel Wagering and Breeding Law § 901 [5]) and for-profit racing associations (Racing, Pari-Mutuel Wagering and Breeding Law § 901 [7]), such as the defendant herein. Plaintiff maintains that the Legislature made a policy decision to require for-profit associations to pay for transmission of the "live call”, while requiring the plaintiff to cover such expense with respect to "live calls” transmitted from nonprofit racing associations.
A review of subdivisions (5) and (7) of section 901 supports the position of plaintiff that the Legislature provided for a distinction between nonprofit and profit racing associations with respect to payment for transmission of the "live call”. Subdivision (7) clearly imposes the obligation to provide the "live call” upon the defendant and does not require that the plaintiff pay for such service, as the Legislature did with respect to nonprofit organizations. Had the Legislature intended for plaintiff to pay for this service it clearly could have done so as it did with respect to nonprofit racing organizations. Indeed, the Legislature was able, when it intended, to specifically include the conditions with respect to payment of the transmission when it dealt with races at nonprofit racetracks not within the Counties of Suffolk and Nassau and the five counties comprising the City of New York (see, Racing, Pari-Mutuel Wagering and Breeding Law § 901 [5] [d]).
In the face of a statutory scheme which does not require the plaintiff to provide for payment for the transmission, this court cannot impose such a condition. Assuming the Legislature intended to require plaintiff to pay for transmission of the "live call” in this instance, the Court of Appeals has held that "courts should be extremely hesitant in interpolating their notions of policy in the interstices of legislative provisions” (Finger Lakes Racing Assn. v New York State Racing & *696 Wagering Bd., 45 NY2d 471, 479). In light of the unambiguous language contained in these subdivisions of Racing, Pari-Mutuel Wagering and Breeding Law § 901, defendant’s forum for relief is the Legislature and not the courts (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., supra, at p 480).
Parenthetically, while it appears that the plaintiff has "on its own elected to pay the track announcer a 'talent fee’ for his services” in connection with transmission of "live call” from the defendant racetrack, the statutory authority for disbursement of public funds in such fashion has not been presented to this court.
Submit order granting plaintiff summary judgment in all respects, without costs.