■ In the Matter of MEDICAL ARTS SANITARIUM, INC., Doing Business as MEDICAL ARTS CENTER HOSPITAL, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 7, 1991, which dismissed the petition on statute of limitations grounds, unanimously affirmed, without costs.

The underlying CPLR article 78 proceeding, seeking to annul a determination which reduced petitioner's 1987 Medicaid and Blue Cross hospital in-patient reimbursement rate, was commenced on or about April 9, 1990. The initial determination, rendered April 13, 1989, became final and binding upon the petitioner on May 13, 1989, the last day for the petitioner to have sought further administrative review of the "first-level" determination of its rate appeal pursuant to 10 NYCRR 86-1.17 (c) (1) *(Matter of Edmead v McGuire,* 67 NY2d 714; *Solnick v Whalen,* 49 NY2d 224).

Petitioner's oral request for a "re-review" did not render the April 13, 1989 determination non-final nor extend the statute of limitations where, as here, petitioner submitted no new evidence concerning the timeliness of its decertification request and the respondents did not engage in a "fresh and new redetermination" of petitioner's 1987 volume adjustment *(Matter of Corbisiero v New York State Tax Commn.,* 82 AD2d 990, *affd* 56 NY2d 680). Consequently, the proceeding was well without the four month statutory period (CPLR 217).

Nor is the proceeding subject to the three year limitations period set forth in CPLR 214 (5) applicable to claims brought under 42 USC §§ 1983 and 1396a (a) (13) (A) (the Boren Amendment), merely because the petition recites a conclusory allegation that the determination violates Federal Medicaid

Law. The petition contains no allegations that the Medicaid rates did not satisfy the Boren Amendment's requirement of reasonableness and adequacy nor does it challenge the State's compliance with Federal standards governing Medicaid reimbursement *(Rye Psychiatric Hosp. Ctr. v Surles,* 768 F Supp 82).

We have considered petitioner's remaining claims and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross and Smith, JJ.