■ NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent, v LORNA McBARNETTE, as Executive Deputy Commissioner of Health of the State of New York, et al., Respondents-Appellants. [600 NYS2d 245] —Order and judgment (one paper) of the Supreme Court, New York County (Joan Lobis, J.), entered March 9, 1993, which denied plaintiff's motion for summary judgment to the extent it sought reimbursement for treatment of Alternate Level of Care patients at the rate in effect for 1987 and dismissed plaintiff's claim as time-barred, and which granted reimbursement for payments reduced by the 1991 recalibration regulation (10 NYCRR 86-2.31 [a]) and denied defendants' cross motion for summary judgment dismissing the complaint to that extent, unanimously modified, on the law, plaintiff's motion granted and defendants' motion denied in its entirety and, except as so modified, affirmed, without costs.

Plaintiff Health and Hospitals Corporation provides health care services to Medicaid patients pursuant to title XIX of the Social Security Act (42 USC § 1396 *et seq.*). Defendant Department of Health is responsible for the administration of this program in New York. The reimbursement method applicable to patients who require an intensive but not acute level of care, so-called Alternate Level of Care ("ALC") patients, was changed from a per diem basis to a per case basis effective January 1, 1988. Patients whose care began prior to that date and who therefore straddle the two methods of reimbursement were paid on a per diem basis after January 1, 1988 for what are termed "ALC straddle days" at the rates in effect for 1988 pursuant to Public Health Law § 2807-c (4) (h).

The complaint alleges that, in July 1989, defendants adopted an administrative interpretation of this statute that reimbursed hospitals at the 1988 rate and recouped any payments made to the hospitals, including those operated by plaintiff Health and Hospitals Corporation ("HHC"), in excess of this lower rate. A declaratory judgment action brought by a group of private hospitals known as the Hospital Association of New York State ("HANYS") was successful in obtaining a declaration that the policy violated the statutory straddle provision (Public Health Law § 2807-c [11] [a]) and constituted unlawful retroactive rule-making. The Appellate Division, Third Department affirmed the ruling *(Matter of Hospital*

*Assn. of N. Y. State v Axelrod,* 165 AD2d 152, *lv denied* 78 NY2d 853). Plaintiff is not a member of HANYS and took no part in the action.

In April 1992, plaintiff commenced the instant action seeking reimbursement for ALC straddle days for which it was compensated at less than the statutory rate. The complaint further challenged the retroactive application of an administrative regulation denominated the "1991 recalibration regulation" (10 NYCRR 86-2.31), issued by defendants after the Court of Appeals reinstated a judgment of the Supreme Court, Albany County, declaring a predecessor regulation "null and void" *(New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 169). Defendants maintained and Supreme Court agreed that plaintiff, which did not participate in the HANYS litigation, cannot avail itself of the favorable judgment obtained by the member hospitals and that, by failing to either intervene as a party in that action or to timely commence a proceeding challenging the administrative determination reducing its reimbursement rate, plaintiff has slept on its rights and is now precluded from pursuing its claim.

The net result of the position taken by defendants in this litigation is to thwart recovery by HHC of money withheld from it under the administrative interpretation of the ALC straddle provision that was found to be "unlawful" *(Matter of Hospital Assn. of N. Y. State v Axelrod, supra,* at 155), and under the 1991 recalibration regulation, that was described as "an attempt to evade the reinstated judgment" declaring it null and void *(New York Assn. of Counties v Axelrod,* 191 AD2d 932, 934). The Appellate Division, Third Department also noted, with respect to the recalibration regulation, that "[d]efendants continued to use this same flawed methodology in recalculating the years 1988 through 1991, taking advantage of the statutory stay afforded by CPLR 5519 (a)" *(supra,* at 934).

On this appeal, defendants contend that, irrespective of the various appellate rulings in this matter, plaintiff's action seeking reimbursement for treatment of ALC patients was properly found by Supreme Court to have been barred by the four-month Statute of Limitations applicable to summary proceedings against a body or officer (CPLR 217). Plaintiff relies on *Matter of Rivera v Trimarco* (36 NY2d 747, 749), which states that "governmental operations being involved, on the granting of any relief to the petitioners comparable relief would adequately flow to others similarly situated under principles of *stare decisis.*" In accordance with this reasoning,

class action status is deemed unnecessary in a proceeding challenging administrative action, whether in the context of a proceeding pursuant to CPLR article 78 *(Matter of Jones v Berman,* 37 NY2d 42, 57) or a plenary action *(Rivers v Katz,* 67 NY2d 485, 499), because *stare decisis* operates to the benefit of any person or entity similarly situated.

In the context of this litigation, it appears that faith in administrative adherence to principles of *stare decisis* is misplaced. In any event, defendants and Supreme Court mischaracterize the nature of plaintiff's action as a proceeding against a body or officer pursuant to CPLR article 78, governed by the four-month limitations period of CPLR 217. In reality, this is an action seeking to recoup funds due under the reimbursement provisions of title XIX of the Social Security Act (42 USC § 1396 *et seq.)* and is subject to different time constraints.

The issue raised by this appeal was addressed by the United States Court of Appeals for the Second Circuit in *Hollander v Brezenoff* (787 F2d 834). In that case, an action asserting that "the statutory and regulatory scheme entitling providers to payment for services properly reimbursable under Medicaid had been violated" *(supra,* at 839) was held to be governed by the three-year statutory limitations period of CPLR 214 (2) applicable to an action to recover upon a "liability * * * created or imposed by statute" *(supra,* at 838). The basis for recovery is indistinguishable from that asserted by plaintiff and the holding is entirely dispositive. Contrary to Supreme Court's determination, plaintiff's commencement of this action in April 1992, seeking to recover payment of funds withheld or recouped by defendants commencing in July 1989, is within the three-year statutory period and, therefore, timely.

Likewise, we are in agreement with the Appellate Division, Third Department that defendants' retroactive application of the 1991 recalibration regulation violates the requirement that facilities be notified of their rates of payment at least 60 days prior to the effective date (Public Health Law § 2807 [7] [a]; *New York Assn. of Counties v Axelrod,* 191 AD2d 932, 934, *supra).* Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.