■ Concourse Nursing Home, Respondent, v Cesar A. Perales, Individually and as Commissioner of the New York State Department of Social Services, et al., Appellants. [631 NYS2d 156] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered June 8, 1994, which granted plaintiff's summary judgment motion, directing the New York State Department of Health to recompute plaintiff's Medicaid reimbursement rate for 1987 through and including 1991, referred that portion of the action for interest, attorneys' fees, costs and disbursements to a Special Referee, and denied defendants' cross motion to dismiss the complaint, except as to Patrick J. Bulgaro, as Budget Director of the State of New York, and defendants individually, unanimously reversed, on the law, to the extent appealed from, the motion denied and the cross motion granted, and the complaint dismissed, without costs.

Plaintiff nursing home receives payments under the Medicaid program (Social Security Act tit XIX [42 USC § 1396 *et seq.*]), funded jointly by the Federal and State governments. This appeal arises out of a dispute as to the formula used to determine plaintiff's payment rate for the years 1987 through 1991.

Prior to 1986, the New York State Department of Health calculated a prospective Medicaid reimbursement rate for nursing homes (residential health care facilities) based on the operational costs of a base year, as limited by cost ceilings determined by comparison to peer groups, which was then increased to account for inflation and capital costs. The rate was expressed as a per diem amount for each patient.

In 1986, the Department of Health implemented a new Medicaid reimbursement calculation for nursing homes, the Long Term Care Case Mix Reimbursement System. Under this system, the daily per-patient rate is calculated by four cost

components: direct, indirect, noncomparable and capital (10 NYCRR 86-2.10 [b] [1] [ii]). The new system resulted in increased rate payments due, in part, to improved documentation of patients rather than any actual increase in costs. Therefore, the Department of Health promulgated a "recalibration" system, to become effective July 1, 1987 and apply retroactively to January 1, 1987. The Court of Appeals, in *New York State Assn. of Counties v Axelrod* (78 NY2d 158), annulled the recalibration system because it arbitrarily reduced every facility's "direct component" rate by 3.035%, without regard to whether a facility's costs increased due to documentation or actual expenses.

In 1991, the Department of Health promulgated a new recalibration regulation applicable to calculation of the 1989-1991 reimbursement rates based on the individual needs of each nursing home. In *Matter of Jewish Home & Infirmary v Commissioner of N. Y. State Dept. of Health* (84 NY2d 252, 260), the Court of Appeals held that the regulation could not be applied retroactively to 1989-1991 because it would violate Public Health Law § 2807 (7) (a), requiring advanced notification to a nursing home of its approved rate of payment.

In a notice dated April 30, 1991, the Department of Health notified residential health care facilities that "[t]he methodology used by the Commissioner to promulgate the Medicaid rates is not included as a rate appeal issue in Sections 86-2.13 and 86-2.14. Appeals objecting to the Medicaid rate methodology are inappropriate under the regulations and will be rejected." Nevertheless, plaintiff Concourse Nursing Home filed a first level administrative appeal (10 NYCRR 86-2.13) challenging the recalibration of its 1988 to 1990 rates. This appeal was denied by the Department by letter dated July 30, 1991. Plaintiff also filed a first level appeal from its 1991 recalibration rates, which was rejected by letter dated May 15, 1991 on the ground that the rate calculation is not appealable.

Plaintiff subsequently filed a "second level" administrative appeal (10 NYCRR 86-2.14 [b] [1]) on August 30, 1991, seeking review of the 1987 to 1991 reimbursement rates (even though it never filed a level one appeal with respect to its 1987 reimbursement rate). On December 23, 1991, the Department of Health rejected that request on the grounds that the issues were not appealable. Plaintiff commenced this action on April 16, 1992, seeking declaratory and injunctive relief.

Supreme Court granted plaintiff's summary judgment motion, holding that the Department of Health's rate determinations for 1987 through 1991 were arbitrary and capricious and

directed the Department to recompute the rates for those years. The court, citing our decision in *New York City Health & Hosps. Corp. v McBarnette* (195 AD2d 391), applied a Statute of Limitations of three years. In *McBarnette*, we followed the determination of the United States Court of Appeals for the Second Circuit in *Hollander v Brezenoff* (787 F2d 834), holding that such an action constitutes a claim to recoup funds due under 42 USC § 1396 and is subject to the provisions of CPLR 214 (2), applicable to a liability created or imposed by statute. The Court of Appeals subsequently modified the decision in *McBarnette* (84 NY2d 194), holding that the four-month limitations period applicable to proceedings for review of an administrative determination pursuant to CPLR article 78 should control. The Court noted: "The nature of plaintiff's claim requires it to convince the court that defendants promulgated a rule affecting hospital rates that represented an irrational construction of the governing statutes * * * Accordingly, plaintiff's challenge could have been brought in the form of an article 78 proceeding" (*supra*, at 205).

The nature of the instant action is indistinguishable from *McBarnette* (*supra*) and is therefore subject to a four-month Statute of Limitations. As this Court noted in *Matter of Medical Arts Sanitarium v New York State Dept. of Health* (184 AD2d 399, 399-400), a proceeding is not "subject to the three year limitations period set forth in CPLR 214 (5) applicable to claims brought under 42 USC §§ 1983 and 1396a (a) (13) (A) (the Boren Amendment), merely because the petition recites a conclusory allegation that the determination violates Federal Medicaid Law."

Plaintiff argues that its action is nevertheless timely because it was commenced within four months of respondent Department of Health's denial of its second level administrative appeal on December 23, 1991. It is well settled, however, that "an administrative determination is final and binding when it has an impact upon a petitioner" (*Matter of Filut v New York State Educ. Dept.*, 91 AD2d 722, 723). "Neither an application for reconsideration * * * nor a series of inquiries regarding reconsideration * * * will extend or toll the four-month Statute of Limitations" (*supra,* at 723).

Plaintiff was on notice as early as April 30, 1991 that the Department of Health would not entertain an administrative appeal concerning the calculation of Medicaid reimbursement rates. Plaintiff's persistence in filing second level administrative appeals, following rejection of its first level appeals, does not operate to extend the time to commence a proceeding for

administrative review pursuant to CPLR article 78. If the Department of Health did not initially undertake to review the propriety of plaintiff's Medicaid rate, it certainly cannot be said to have engaged in a "fresh and new redetermination" of that rate (*Matter of Corbisiero v New York State Tax Commn.*, 82 AD2d 990, *affd* 56 NY2d 680) so as to toll the running of the Statute of Limitations. This matter was therefore untimely commenced and must be dismissed. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Mazzarelli, JJ.