In the Matter of FINGER LAKES RACING ASSOCIATION, INC., Appellant, v STATE OF NEW YORK RACING AND WAGERING BOARD et al., Respondents. [823 NYS2d 586]—

Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 6, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State of New York Racing and Wagering Board finding that petitioner was to reimburse respondent New York Racing Association a certain sum of money.

Petitioner and respondent New York Racing Association (here-

inafter NYRA) each operate thoroughbred racetracks. Respondent State of New York Racing and Wagering Board (hereinafter Board) is charged with supervising corporations engaged in horse racing and pari-mutuel betting activities (*see* Racing, Pari-Mutuel Wagering and Breeding Law § 101 [1]). In 1997, the Racing, Pari-Mutuel Wagering and Breeding Law was amended to authorize New York racetracks and off-track betting facilities to televise simulcasts of races conducted at thoroughbred racetracks in other states and accept wagers on these simulcasts (*see* Racing, Pari-Mutuel Wagering and Breeding Law § 1017). In October 1997, petitioner and NYRA agreed, based on the statute, to pay each other commissions based on wagers placed at their respective tracks on out-of-state simulcast races.

Petitioner and NYRA continued making commission payments until November 2004, when the Board issued a written determination that Racing, Pari-Mutuel Wagering and Breeding Law § 1017 did not authorize* these racetrack operators to pay commissions. The determination further ordered the parties to cease making such payments, create an accounting of prior payments and exchange these accountings within 30 days, and ordered petitioner to reimburse NYRA within 90 days. Upon petitioner's request for reconsideration, the Board issued a February 2005 decision adhering to its prior determination except that it deleted the 90-day reimbursement requirement, ordered petitioner and NYRA to determine the manner of repayment of prior commissions, and directed the parties to update the Board within 60 days concerning any agreement affecting the commissions. When the parties failed to notify the Board of any agreement, and NYRA indicated that negotiations were not fruitful, the Board issued a June 2005 determination ordering petitioner to pay NYRA $2,849,668 as reimbursement for commissions by July 2005.

In July 2005, petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court held that the petition was timely filed, but dismissed it on the merits. On petitioner's appeal, we affirm on statute of limitations grounds.

Petitioner did not timely commence this proceeding. The four-month period to review an agency determination commences when the determination becomes final (*see* CPLR 217). When reconsideration of a determination is granted as a matter of discretion, "the nature of the reconsideration determines

---

* Contrary to the characterization by petitioner's counsel that the Board decided that the commission payments at issue were not *required*, the Board held that the statute did not *authorize* such payments.

whether the time to commence a review is extended" (*Matter of Corbisiero v New York State Tax Commn.*, 82 AD2d 990, 990 [1981], *affd* 56 NY2d 680 [1982]). The statute of limitations runs from the initial determination "unless the agency conducts a fresh and complete examination of the matter based on newly presented evidence" (*Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 732 [2000], *lv dismissed* 95 NY2d 927 [2000]; *see Matter of Corbisiero v New York State Tax Commn.*, *supra* at 990). Here, the Board initially stated in its November 2004 determination that the commission payments were not authorized by statute and had to be repaid. The Board adhered to this determination in its February 2005 determination. Although the February determination permitted the parties to negotiate repayment terms of any and all amounts due, it did not modify the underlying decision that the commissions were not authorized and had to be repaid. The February determination was final and no fresh examination was undertaken or completed thereafter. Thus, the June 2005 determination did not extend or begin anew the statute of limitations, which had expired prior to petitioner's filing of the petition in July 2005. Because the petition was untimely filed, it was properly dismissed.

A review of the merits also results in dismissal. Based on the highly complex nature of the racing industry, as well as the legislative scheme which provides the Board broad supervisory and regulatory power over all horse racing activities, pari-mutuel betting and all those engaged in such activities, courts grant the Board great deference in its interpretation of the relevant laws in that area (*see Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd.*, 54 NY2d 154, 157-158 [1981]; *Matter of Ontario County v Capital Dist. Regional Off-Track Betting Corp.*, 162 AD2d 865, 866-867 [1990]). Accordingly, the Board did not exceed its jurisdiction when it determined that the commission payments at issue were not statutorily authorized.

The Board provided petitioner with adequate due process. Public notice was published before each meeting. As no formal hearing was required by law, petitioner was only entitled to an opportunity "to be heard" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]; *see Matter of Interstate Indus. Corp. v Murphy*, 1 AD3d 751, 753 [2003]). Each determination was made after an open meeting at which the public, including petitioner, could comment or present information. Petitioner and NYRA submitted documentary evidence to the Board and made requests for reconsideration.

These opportunities, together with the availability of review under CPLR article 78, provided petitioner all the process it was due (*see State of New York v Dennin*, 17 AD3d 744, 746 [2005], *lv dismissed* 5 NY3d 824 [2005]; *Matter of Interstate Indus. Corp. v Murphy, supra* at 753).

Considering the great deference accorded to the Board in overseeing horse racing and betting activities, its determination regarding the interpretation of Racing, Pari-Mutuel Wagering and Breeding Law § 1017 was not arbitrary or capricious.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.