■ In the Matter of APPLE's DELI, INC., et al., Respondents, v STATE OF NEW YORK, Appellant. [854 NYS2d 909]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated October 25, 2006, which, upon, in effect, granting the petitioners' request for reconsideration, denied their application to vacate their default and adhered to its prior determination dated October 6, 2006, inter alia, revoking the petitioners' grocery store beer license, the appeal is from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered July 13, 2007, which granted the petition to the extent of annulling the determination dated October 25, 2006, made upon reconsideration, without prejudice to the New York State Liquor Authority instituting a new inquiry and subsequently taking any appropriate action.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court did not err in declining to dismiss the proceeding on the ground that it was barred by the applicable statute of limitations pursuant to CPLR 217. The applicable four-month period was properly measured from the time of the appellant's determination of the petitioners' application dated October 19, 2006 to

vacate their default, and not from its original determination revoking their grocery store beer license (*see Matter of Yarbough v Franco,* 95 NY2d 342, 347 [2000]; *Matter of Finger Lakes Racing Assn., Inc. v State of N.Y. Racing & Wagering Bd.,* 34 AD3d 895, 896-897 [2006]; *Matter of Corbisiero v New York State Tax Commn.,* 82 AD2d 990 [1981], *affd* 56 NY2d 680 [1982]; *Matter of Camperlengo v State Liq. Auth.,* 16 AD2d 342 [1962]; *cf. Matter of Davis v Kingsbury,* 27 NY2d 567 [1970]). Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.